IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) KRAIG BICKERSTAFF and )
(2) ANITA BICKERSTAFF )
)
       Plaintiffs, )
)
v. ) Case No. CIV-11-1305-M
)
(1) HALLIBURTON ENERGY )
SERVICES, INC., a Delaware )
corporation, )
)
       Defendant.

## AMENDED ANSWER TO AMENDED COMPLAINT

The Defendant, Halliburton Energy Services, Inc. ("HESI"), pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and with Plaintiffs' written consent, for its Amended Answer to the Plaintiffs' First Amended Complaint filed on or about March 1, 2013, hereby denies every allegation contained therein unless specifically admitted in this Amended Answer and, for further response, states as follows:

### Parties

1. HESI is without sufficient information to admit or deny the allegations of paragraph 1.

2. In response to the allegations of paragraph 2, HESI admits that it is a Delaware corporation with its principal place of business in Texas. All remaining allegations are denied.

## Jurisdiction and Venue

3. HESI admits that if the residence of plaintiff is as alleged, then all plaintiffs are diverse from the defendant and that the plaintiffs' claimed damages satisfy the amount in controversy of 28 U.S.C. § 1441, *et seq.* HESI denies all remaining allegations of paragraph 3.

4. HESI admits that the property on which Plaintiffs have made their claims is situated within the Western District of Oklahoma and that venue is proper in this Court. HESI denies all remaining allegations of paragraph 4.

5. HESI admits the allegations of paragraph 5.

## Background

6. HESI is without sufficient information to admit or deny the allegations of paragraph 6.

7. HESI is without sufficient information to admit or deny the allegations of paragraph 7.

8. HESI admits that it owns the property at 605 W. Osage Road, Duncan, Oklahoma. HESI denies all remaining allegations of Paragraph 8.

9. The allegations of paragraph 9 are vague and ambiguous and Halliburton denies the allegations of paragraph 9 as stated.

10. HESI admits that it operated various structures in connection with its missile motor casing cleaning operation at the Site. HESI denies the remaining allegations of paragraph 10.

11. HESI denies the allegations of paragraph 11.

12. HESI admits only that perchlorate is soluble in water. HESI denies the remaining allegations of paragraph 12 as stated.

13. HESI denies the allegations of paragraph 13 as stated.

14. HESI denies the allegations of paragraph 14 as stated.

15. HESI denies the allegations of paragraph 15. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

16. HESI admits only that perchlorate has been detected in on-site monitoring wells. The remaining allegations of paragraph 16 are denied.

17. HESI admits only the perchlorate has been detected in on-site monitoring wells. The remaining allegations in paragraph 17 are denied.

18. HESI denies the allegations of paragraph 18. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

19. HESI admits only that perchlorate has been detected in monitoring wells offsite. HESI denies the remaining allegations of paragraph 19.

20. HESI admits only that perchlorate has been detected in monitoring wells offsite. The remaining allegations of paragraph 20 are denied.

21. HESI denies the allegations of paragraph 21.

22. HESI is without sufficient information to admit or deny the allegations of paragraph 22.

23. HESI denies the allegations of paragraph 23.

## Private and Public Nuisance

24. HESI denies the allegations of paragraph 24 and all of its subparts. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

25. HESI denies the allegations of paragraph 25.

26. HESI denies the allegations of paragraph 26.

27. HESI denies the allegations of paragraph 27.

28. HESI denies the allegations of paragraph 28 and all of its subparts.

29. HESI denies the allegations of paragraph 29. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

30. HESI denies the allegations of paragraph 30.

31. HESI denies the allegations of paragraph 31.

## Trespass

32. HESI denies the allegations of paragraph 32.

33. HESI denies the allegations of paragraph 33.

34. HESI denies the allegations of paragraph 34.

35. HESI denies the allegations of paragraph 35. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

36. HESI denies the allegations of paragraph 36 and all of its subparts.

37. HESI denies the allegations of paragraph 37.

38. HESI denies the allegations of paragraph 38.

## Negligence

39. HESI denies the allegations of paragraph 39.

40. The allegations of paragraph 40 are legal conclusions and require no response. To the extent a response is required, HESI denies the allegations of paragraph 40.

41. HESI denies the allegations of paragraph 41. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

42. HESI denies the allegations of paragraph 42 and all of its subparts.

43. HESI denies the allegations of paragraph 43.

### Strict Liability

44. HESI denies the allegations of paragraph 44.

45. HESI denies the allegations of paragraph 45.

46. The allegations of paragraph 46 are legal conclusions and do not require a response. To the extent that a response is required, HESI denies the allegations of paragraph 46.

47. HESI denies the allegations of paragraph 47 and all of its subparts.

48. HESI denies the allegations of paragraph 48.

### Unjust Enrichment

49. HESI denies the allegations of paragraph 49. At all times relevant, HESI acted in compliance with applicable state and federal law. At all times relevant, HESI acted in a manner consistent with existing and reasonably available technological, scientific and industrial knowledge and practice, as well as all applicable government regulations and decrees.

50. HESI denies the allegations of paragraph 50.

### Injunctive Relief

51. HESI denies the allegations of paragraph 51.

52. HESI denies the allegations of paragraph 52.

53. HESI denies the allegations of paragraph 53.

## Punitive Damages

54. HESI denies the allegations of paragraph 54.

## Affirmative Defenses

55. The Plaintiff's injuries and damages, if any, were caused or contributed to by the acts or omissions of the Plaintiffs.

56. The Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution.

57. The Plaintiffs' claims for punitive damages should be stricken on the following grounds:

(a) Consideration of any punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Oklahoma Constitution in that:

(i) Consideration of punitive damages in this action would allow standardless discretion to the jury to determine punishment, depriving HESI of prior notice of the consequences of its alleged actions.

(ii) This admission of any evidence directly to the jury concerning HESI's assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages.

(iii) Punitive damages by their very nature constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" – not merely "clear and convincing evidence" or a "preponderance of the evidence."

(b) An award of punitive damages, if allowed, would violate the Excessive Fines Clauses of the Eighth Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon HESI.

(c) Punitive damages are punishment, a quasi-criminal sanction, for which HESI is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution and the Oklahoma Constitution.

58. HESI reserves the right to add affirmative defenses as discovery proceeds.

WHEREFORE, the Defendant, Halliburton Energy Services, Inc., prays that this Court enter judgment in its favor, that Plaintiffs take nothing, and that the Court grant such further relief as it deems just and equitable.

Respectfully submitted,

/s/ Robert L. Betts
Gerald P. Green, OBA No. 3563
Peter L. Wheeler, OBA No. 12929
Robert L. Betts, OBA No. 21601
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
Post Office Box 26350
Oklahoma City, Oklahoma  73126
Telephone   (405) 235-1611
Facsimile    (405) 235-2904
jgreen@piercecouch.com
pwheeler@piercecouch.com
rbetts@piercecouch.com

- and -

J Kevin Buster (*pro hac vice*)
Carmen R. Toledo (*pro hac vice*)
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
kbuster@kslaw.com
ctoledo@kslaw.com

- and -

R. Bruce Hurley, (*pro hac vice*)
KING & SPALDING, L.L.P.
1100 Louisiana Suite 4000
Houston, Texas 77002
Telephone   (713) 751 3200
Facsimile    (713) 751 3290
bhurley@kslaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  This is to certify that on May 29, 2015, a true and correct copy of the above and foregoing was served electronically via the ECF system for the USDC for the Western District of Oklahoma, to all counsel of record.

                /s/ Robert L. Betts